JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mechanix Wear LLC,<br><br>Plaintiff,<br><br>v.<br><br>Dan Branson; Performance Fabrics Incorporated dba HexArmor,<br><br>Defendants. | CASE NO. 2:24-cv-03090-RGK_AJRx<br><br>[PROPOSED] ORDER GRANTING AGREED STIPULATED PERMANENT INJUNCTION<br><br>Judge:     Hon. R. Gary Klausner<br>Courtroom:   850<br><br>Complaint Filed:  April 15, 2024 |

Plaintiff Mechanix Wear LLC ("Mechanix") and Defendants Dan Branson ("Branson") and Performance Fabrics Incorporated d/b/a HexArmor ("HexArmor," and together with Branson and Mechanix, the "Parties") have filed this Agreed Stipulated Permanent Injunction (the "Permanent Injunction"). Having considered the Parties' filings, the applicable law, the relevant facts, the parties' agreement, and being otherwise fully apprised of the premises, the Court hereby GRANTS the relief requested in the Parties' Agreed Stipulated Permanent Injunction and ENTERS this Order (the "Stipulated Permanent Injunction") accordingly.

This Permanent Injunction is entered pursuant to the Court's authority under the Federal Rules and its statutory authority under the Defend Trade Secrets Act 18 U.S.C. § 1836(b)(3)(A). The Court notes that the parties agree to the statements in the Permanent Injunction. The Permanent Injunction replaces the preliminary injunction entered by the Court.

For good cause shown, the Court hereby FINDS and ORDERS as follows:

JS6

## I. FINDINGS

1. This Court has subject matter jurisdiction over the above-captioned matter, as well as personal jurisdiction over Plaintiff and Defendants. Venue is proper in this Court.

2. The Parties, with the assistance of their respective counsel, actively participated in the negotiations leading up to the entry of this Stipulated Permanent Injunction.

## I. PROHIBITED CONDUCT AND CONTINUING OBLIGATIONS

3. Defendants, both jointly and individually, as well as anyone acting on their behalf, are enjoined from knowingly, willfully, or recklessly soliciting, possessing, using, or disclosing any of Mechanix's trade secrets and confidential and proprietary information (collectively, "Confidential Mechanix Information" or "Confidential Information"), as fully defined in Section 1 of the Proprietary Information and Inventions Agreement (the "PIIA") attached as Exhibit A to Mechanix's Complaint (Dkt. 1-1), and shall certify in writing the same. For the avoidance of doubt, "knowingly" shall mean Defendants actually knew, should have known if they acted with reasonable care or diligence, or would have had no substantial doubt that they were committing any of the foregoing acts had they been acting in good faith; "willfully" shall mean Defendants acted voluntarily and intentionally; and "recklessly" shall mean Defendants acted with a high degree of awareness that they were creating a risk of committing one of the foregoing acts.

4. Any Confidential Information known or later discovered to be in Defendants' possession shall, consistent with any separate agreement between the Parties, be permanently destroyed. Should Branson or HexArmor later discover that they possess Mechanix's Confidential Information in any format, the discovering party shall (i) notify Mechanix in writing of the discovery, and (ii) deliver any device or medium containing such Confidential Information to a mutually agreed upon forensic expert within five (5) business days of such discovery.

5. Should Mechanix reasonably believe that its Confidential Information is located on any personal or work email, servers, hard drives, computer(s), mobile devices, PDAs, USB drives, solid state drives, flash drives, cloud storage locations or other electronic equipment, accounts, or databases maintained by Defendants (collectively, the "Devices or Accounts"), and that such Devices or Accounts were not previously produced by Defendants for an inspection by a forensic expert, upon notice by Mechanix and upon receiving notice of such request, Defendants shall make no changes to the at-issue Devices or Accounts, and shall provide the same to a mutually agreed upon forensic expert within seven business days.

## II. WAIVER OF APPEAL; CONTINUING JURISDICTION

6. Defendants affirmatively waive any and all rights to appeal this Stipulated Permanent Injunction.

7. The Court specifically retains jurisdiction to enforce or modify this Stipulated Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute arising hereunder.

8. No security will be required in this matter.

The Clerk shall close this action.

**IT IS SO ORDERED.**

DATED: December 4, 2024

*[signature: Gary Klausner]*

The Honorable R. Gary Klausner
UNITED STATES DISTRICT JUDGE